UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN A. GRACE,<br><br>　　　　　Defendant. | No. CR-04-0026-FVS<br><br>**SENTENCING ORDER** |

**THIS MATTER** came before the Court on August 3, 2005, for sentencing of the Defendant. The Defendant, who is in custody, was present and represented by Philip Nino. Assistant United States Attorney Joseph Harrington represented the Government. This Order is intended to memorialize the Court's oral determinations made in open court concerning the Defendant's sentence.

I.　　**PRESENTENCE REPORT CALCULATIONS**

On February 10, 2005, the Defendant was found guilty of distribution of 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), and assault on a federal officer in violation of 18 U.S.C. § 111(a)(1). The base offense level was for Count I initially calculated as 28 pursuant to USSG § 2D1.1(c)(6). The PSR

SENTENCING ORDER - 1

added two levels for obstruction of justice/reckless endangerment during flight, resulting in an adjusted offense level ("AOL") of 30.

Count II, which was not grouped with Count I, resulted in an AOL of 21. The base offense level started at 14 (USSG § 2A2.2(a)), four levels were added for the use of a dangerous weapon (USSG § 2A2.2(b)(2)(B)), and three additional levels were added for assaulting an official victim (USSG § 3A1.2).

## II. OBJECTIONS / MOTION FOR REDUCED SENTENCE

Defendant raised the following issues at sentencing:

1) An objection to the failure of the PSR to reflect a two level adjustment for acceptance of responsibility;

2) An objection to the obstruction of justice/reckless endangerment during flight enhancement;

3) A request that the Court consider the unwarranted sentencing disparity between base offense levels for cocaine base and cocaine powder pursuant to 18 U.S.C. § 3553(a); and

4) A request that the Court consider his severe eye injury, both as a basis for departure and as a form of continuing punishment pursuant to *United States v. Clough*, 360 F.3d 967 (9th Cir. 2004).

### A. Analysis

The Court recognizes that it has the discretion to apply a two level adjustment for acceptance of responsibility even where a Defendant exercises his constitutional right to a jury trial. *See e.g.*, *United States v. Ochoa-Gaytan*, 265 F.3d 837 (9th Cir. 2001). Notwithstanding, the Court finds that the Defendant has not truthfully admitted the conduct comprising the offenses of

SENTENCING ORDER - 2

conviction. Although the Defendant has accepted responsibility for distributing a controlled substance, he continues to contest his guilt on the assault on a federal officer charge. The Court therefore overrules the Defendant's objection to the failure of the PSR to apply an acceptance of responsibility adjustment.

As to the Defendant's remaining objections, the Court is mindful that pursuant to *United States v. Booker*, 125 S.Ct. 738 (2005), the ultimate sentence must be reasonable under the factors set forth in 18 U.S.C. § 3553(a). These factors include, but are not limited to, the Guideline sentencing range, the need to avoid unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct, and any pertinent policy statements issued by the United States Sentencing Commission.

In 2002, the United States Sentencing Commission recommended that the crack cocaine levels undergo drastic revisions based on the fact that the distinction between cocaine powder and cocaine base has been discredited by the medical community (i.e., the higher addictive qualities of crack, the disproportionate prenatal effects, and the effects on minors). United States Sentencing Commission, *Report to the Congress: Cocaine and Federal Sentencing Policy* (May 2002). The Commission recommended that Congress increase the five-year mandatory minimum threshold quantity for crack cocaine to 25 grams. This would reflect a 20-to-1 ratio when comparing crack cocaine to cocaine powder.

Using a 20-to-1 ratio, the following would be a hypothetical recalculation of the Defendant's AOL on Count I:

SENTENCING ORDER - 3

```
Base Offense Level:                                      24
    20.6 grams crack cocaine x 20 = 412
    USSG 2D1.1(c)(8)(400-500 G cocaine powder)
Obstruction of Justice                                   +2
Adjusted Offense Level                                   26
```

In addition to the disparity issue, the Defendant also raises the issue of his severe eye injury as a basis for a downward adjustment. During the commission of these offenses, the Defendant suffered a bullet wound to his face. The gunshot wound was inflicted by DEA Special Agent Michael Zidack, who shot the Defendant as he was attempting to leave the scene of the drug transaction. The bullet entered the Defendant's cheek and a fragment traveled to the right side of his face. As a result, the Defendant has no sight in his right eye. Although this shooting was found to be justified (see Internal Shooting Review dated October 18, 2004) the Ninth Circuit has held that "being shot by law enforcement personnel can constitute punishment, thus allowing a court to fashion a reduced sentence." *United States v. Clough*, 360 F.3d 967, 970 (9th Cir. 2004)

The Court finds that the combination of the aforementioned circumstances justify a reduction from the presumptive Guideline range. The 100:1 ratio between cocaine base and powder cocaine is unjustified and is not supported by "reliable evidence [which indicates] that crack [is] more addictive or dangerous than powder." *See United States v. Smith*, 359 F.Supp.2d 771, 779 (E.D. Wis. 2005)(citation omitted). In addition, the Defendant's loss of his vision in his right eye from the gunshot wound is a significant injury and resulted in some measure of punishment. The Court

SENTENCING ORDER - 4

therefore adjusts the base offense level on Count I to 24.

Once this adjustment is made, an issue arises regarding whether the obstruction of justice/reckless endangerment during flight enhancement on Count I constitutes double counting. In the initial PSR calculation, any double counting error would have been harmless because no points were added in the combined offense level analysis for Count II. See USSG § 3D1.4(c). However, once the Court reduces the base offense level on Count I to 24, USSG § 3D1.4(a) dictates that the Court should count as one unit the group with the highest offense level (Count I) and count one additional unit for each group that is equally serious or from 1 to 4 levels less serious (Count II). Because the Defendant would then be subject to a higher sentencing range under the combined offense level analysis, the Court must determine whether the same factor which enhances the assault count is also being used to enhance the drug count. *See generally*, *United States v. Calozza*, 125 F.3d 687, (9th Cir. 1997).

Defendant received enhancements on Count II for using a dangerous weapon and assaulting an official victim. See USSG §§ 2A2.2(b)(2)(B), 3A1.2. The factual basis for these enhancements was the Defendant's use of a vehicle to assault a federal officer during the course of the offense or immediate flight therefrom. Under Count I, the Government argues for a two level enhancement pursuant to USSG § 3C1.2. That enhancement applies if the Defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. "Another person" includes any person, except a participant

in the offense who willingly participated in the flight. USSG § 3C1.2, comment note 4. Considering the totality of these enhancements, the Court concludes that it would be impermissible double counting to add two levels pursuant to § 3C1.2 as the same conduct is being used to enhance the Defendant's sentence on Count II. The Court therefore sustains the Defendant's objection to the obstruction of justice/reckless endangerment during flight enhancement on Count I.

### B. **Conclusion**

For the aforementioned reasons, the Defendant's sentencing range shall be calculated as follows. The AOL on Count I is 24. The AOL on Count II, which was not contested, is 21. The Court adds two units pursuant to USSG § 3D1.4(a), which results in a final adjusted offense level of 26. The Defendant's criminal history score is IV and his resulting sentencing range is 92-115 months. However, the high end of the range is trumped by the statutory mandatory minimum of 120 months. For the reasons stated on the record, the Court concludes that a sentence of 120 months is reasonable in this matter.

The Defendant also raised an issue in briefing regarding his March 23, 1990 conviction for Assault with a Deadly Weapon. He contends that his attorney advised him that this conviction would not appear on his record after he reached the age of majority. Notwithstanding, the Defendant was charged as an adult and the Defendant does not otherwise challenge the scoring of this conviction. The Court therefore makes no finding on this issue. Accordingly,

SENTENCING ORDER - 6

**IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion for Reduced Sentence **(Ct. Rec. 164-1)** is **GRANTED IN PART.**

2. Defendant's Objection to the Failure of the PSR to Apply an Acceptance of Responsibility Adjustment is **OVERRULED.**

3. Defendant's Objection to the Obstruction of Justice/Reckless Endangerment During Flight Enhancement (USSG § 3C1.2) is **SUSTAINED.**

4. A copy of this Order shall be **APPENDED** to any copy of the Presentence Investigation Report made available to the Bureau of Prisons and also to Defendant's Judgment.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this 9th day of August, 2005.

> s/ Fred Van Sickle
> Fred Van Sickle
> United States District Judge

SENTENCING ORDER - 7