AO 245B   (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## Eastern District of Washington

UNITED STATES OF AMERICA
V.
John A. Grace

**JUDGMENT IN A CRIMINAL CASE**

Case Number:   2:04CR0026-001

USM Number:   10892-085

Philip Nino
Defendant's Attorney

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 10 2005

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)   Counts 1 and 2 of the Superseding Indictment
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of 5 Grams or More of Cocaine Base | 01/21/04 | 1s |
| 18 U.S.C. § 111(a)(1)(b) | Assault on a Federal Officer | 01/21/04 | 2s |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/3/2005
Date of Imposition of Judgment

_Fred Van Sickle_
Signature of Judge

The Honorable Fred L. Van Sickle          Chief Judge, U.S. District Court
Name and Title of Judge

_August 9, 2005_
Date

Judgment — Page 2 of 6

DEFENDANT: John A. Grace
CASE NUMBER: 2:04CR0026-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:   120 month(s)

to run concurrent on each count.

☑ The court makes the following recommendations to the Bureau of Prisons:

Credit for time detained and that Defendant be placed in the BOP facility in Atlanta, Georgia and, if not there, Terminal Island. The Court shall also recommend that Defendant receive access to medical treatment re: his eye injury in whatever facility he may be designated and be allowed to participate in any training or vocational academic programs that he may qualify for.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____  ☐ a.m.  ☐ p.m.  on _____.

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____.

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | Judgment—Page 3 of 6 |
|---|---|

DEFENDANT: John A. Grace
CASE NUMBER: 2:04CR0026-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 8 year(s)

8 years on Count 1s and 3 years on Count 2s to run concurrent.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 2:04-cr-00026-RMP   Document 179   Filed 08/10/05

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 3C — Supervised Release

DEFENDANT: John A. Grace
CASE NUMBER: 2:04CR0026-001

Judgment—Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

14. Pursuant to the Justice for All Act of 2004 and the resulting amendments to 42 U.S.C. § 14135a(d)(1) and 10 U.S.C. § 1565(d), the defendant shall cooperate in the collection of DNA as directed by the probation officer.

15. You shall provide the supervising probation officer with access to any requested financial information, including authorization to conduct credit checks and obtain copies of your Federal income tax returns. You shall disclose all assets and liabilities to the supervising probation officer. You shall not transfer, sell, give away, or otherwise convey any asset, without the advance approval of the supervising probation officer.

16. You shall not associate with known street gang members and gang affiliates.

17. You shall submit your person, residence, office, or vehicle to a search, conducted by a U.S. probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. You shall warn persons with whom you share a residence that the premises may be subject to search.

18. You shall undergo a substance abuse evaluation and, if indicated, enter into and successfully complete an approved substance abuse treatment program, including aftercare. You shall contribute to the cost of treatment according to your ability. You shall allow full reciprocal disclosure between the supervising probation officer and treatment provider.

19. You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer.

20. You shall contribute 10% of your income while on supervised release to any unpaid portion of the Special Assessment. The United States Probation Office may petition the Court on your behalf to modify this condition if it presents an undue financial hardship.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
　　　　　　Sheet 5 — Criminal Monetary Penalties

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Judgment — Page **5** of **6**

DEFENDANT: John A. Grace
CASE NUMBER: 2:04CR0026-001

# CRIMINAL MONETARY PENALTIES

　　The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $200.00 | $0.00 | $0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

　　If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

| TOTALS | $ 0.00 | $ 0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

　　☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 2:04-cr-00026-RMP   Document 179   Filed 08/10/05

Judgment — Page 6 of 6

DEFENDANT: John A. Grace
CASE NUMBER: 2:04CR0026-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

☐ not later than _____ , or
☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B ☒ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☒ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

Defendant shall participate in the Inmate Financial Responsibility Program. Defendant shall contribute 25% of his monthly earnings while he is incarcerated.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Numbers (including defendant number) and Defendant and Co-Defendant Names, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN A. GRACE,<br><br>　　　　　　Defendant. | No. CR-04-0026-FVS<br><br>**SENTENCING ORDER** |

**THIS MATTER** came before the Court on August 3, 2005, for sentencing of the Defendant. The Defendant, who is in custody, was present and represented by Philip Nino. Assistant United States Attorney Joseph Harrington represented the Government. This Order is intended to memorialize the Court's oral determinations made in open court concerning the Defendant's sentence.

I.   **PRESENTENCE REPORT CALCULATIONS**

On February 10, 2005, the Defendant was found guilty of distribution of 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), and assault on a federal officer in violation of 18 U.S.C. § 111(a)(1). The base offense level was for Count I initially calculated as 28 pursuant to USSG § 2D1.1(c)(6). The PSR

SENTENCING ORDER - 1

added two levels for obstruction of justice/reckless endangerment during flight, resulting in an adjusted offense level ("AOL") of 30.

Count II, which was not grouped with Count I, resulted in an AOL of 21. The base offense level started at 14 (USSG § 2A2.2(a)), four levels were added for the use of a dangerous weapon (USSG § 2A2.2(b)(2)(B)), and three additional levels were added for assaulting an official victim (USSG § 3A1.2).

## II. OBJECTIONS / MOTION FOR REDUCED SENTENCE

Defendant raised the following issues at sentencing:

1) An objection to the failure of the PSR to reflect a two level adjustment for acceptance of responsibility;

2) An objection to the obstruction of justice/reckless endangerment during flight enhancement;

3) A request that the Court consider the unwarranted sentencing disparity between base offense levels for cocaine base and cocaine powder pursuant to 18 U.S.C. § 3553(a); and

4) A request that the Court consider his severe eye injury, both as a basis for departure and as a form of continuing punishment pursuant to *United States v. Clough*, 360 F.3d 967 (9th Cir. 2004).

### A. Analysis

The Court recognizes that it has the discretion to apply a two level adjustment for acceptance of responsibility even where a Defendant exercises his constitutional right to a jury trial. *See e.g., United States v. Ochoa-Gaytan*, 265 F.3d 837 (9th Cir. 2001). Notwithstanding, the Court finds that the Defendant has not truthfully admitted the conduct comprising the offenses of

conviction. Although the Defendant has accepted responsibility for distributing a controlled substance, he continues to contest his guilt on the assault on a federal officer charge. The Court therefore overrules the Defendant's objection to the failure of the PSR to apply an acceptance of responsibility adjustment.

As to the Defendant's remaining objections, the Court is mindful that pursuant to *United States v. Booker*, 125 S.Ct. 738 (2005), the ultimate sentence must be reasonable under the factors set forth in 18 U.S.C. § 3553(a). These factors include, but are not limited to, the Guideline sentencing range, the need to avoid unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct, and any pertinent policy statements issued by the United States Sentencing Commission.

In 2002, the United States Sentencing Commission recommended that the crack cocaine levels undergo drastic revisions based on the fact that the distinction between cocaine powder and cocaine base has been discredited by the medical community (i.e., the higher addictive qualities of crack, the disproportionate prenatal effects, and the effects on minors). United States Sentencing Commission, *Report to the Congress: Cocaine and Federal Sentencing Policy* (May 2002). The Commission recommended that Congress increase the five-year mandatory minimum threshold quantity for crack cocaine to 25 grams. This would reflect a 20-to-1 ratio when comparing crack cocaine to cocaine powder.

Using a 20-to-1 ratio, the following would be a hypothetical recalculation of the Defendant's AOL on Count I:

SENTENCING ORDER - 3

| | | |
|---|---|---|
| Base Offense Level: | | 24 |
| 20.6 grams crack cocaine x 20 = 412 | | |
| USSG 2D1.1(c)(8)(400-500 G cocaine powder) | | |
| Obstruction of Justice | | +2 |
| Adjusted Offense Level | | 26 |

In addition to the disparity issue, the Defendant also raises the issue of his severe eye injury as a basis for a downward adjustment. During the commission of these offenses, the Defendant suffered a bullet wound to his face. The gunshot wound was inflicted by DEA Special Agent Michael Zidack, who shot the Defendant as he was attempting to leave the scene of the drug transaction. The bullet entered the Defendant's cheek and a fragment traveled to the right side of his face. As a result, the Defendant has no sight in his right eye. Although this shooting was found to be justified (see Internal Shooting Review dated October 18, 2004) the Ninth Circuit has held that "being shot by law enforcement personnel can constitute punishment, thus allowing a court to fashion a reduced sentence." *United States v. Clough*, 360 F.3d 967, 970 (9th Cir. 2004)

The Court finds that the combination of the aforementioned circumstances justify a reduction from the presumptive Guideline range. The 100:1 ratio between cocaine base and powder cocaine is unjustified and is not supported by "reliable evidence [which indicates] that crack [is] more addictive or dangerous than powder." *See United States v. Smith*, 359 F.Supp.2d 771, 779 (E.D. Wis. 2005)(citation omitted). In addition, the Defendant's loss of his vision in his right eye from the gunshot wound is a significant injury and resulted in some measure of punishment. The Court

SENTENCING ORDER - 4

therefore adjusts the base offense level on Count I to 24.

Once this adjustment is made, an issue arises regarding whether the obstruction of justice/reckless endangerment during flight enhancement on Count I constitutes double counting. In the initial PSR calculation, any double counting error would have been harmless because no points were added in the combined offense level analysis for Count II. See USSG § 3D1.4(c). However, once the Court reduces the base offense level on Count I to 24, USSG § 3D1.4(a) dictates that the Court should count as one unit the group with the highest offense level (Count I) and count one additional unit for each group that is equally serious or from 1 to 4 levels less serious (Count II). Because the Defendant would then be subject to a higher sentencing range under the combined offense level analysis, the Court must determine whether the same factor which enhances the assault count is also being used to enhance the drug count. *See generally*, *United States v. Calozza*, 125 F.3d 687, (9th Cir. 1997).

Defendant received enhancements on Count II for using a dangerous weapon and assaulting an official victim. See USSG §§ 2A2.2(b)(2)(B), 3A1.2. The factual basis for these enhancements was the Defendant's use of a vehicle to assault a federal officer during the course of the offense or immediate flight therefrom. Under Count I, the Government argues for a two level enhancement pursuant to USSG § 3C1.2. That enhancement applies if the Defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. "Another person" includes any person, except a participant

SENTENCING ORDER - 5

in the offense who willingly participated in the flight. USSG § 3C1.2, comment note 4. Considering the totality of these enhancements, the Court concludes that it would be impermissible double counting to add two levels pursuant to § 3C1.2 as the same conduct is being used to enhance the Defendant's sentence on Count II. The Court therefore sustains the Defendant's objection to the obstruction of justice/reckless endangerment during flight enhancement on Count I.

B. **Conclusion**

For the aforementioned reasons, the Defendant's sentencing range shall be calculated as follows. The AOL on Count I is 24. The AOL on Count II, which was not contested, is 21. The Court adds two units pursuant to USSG § 3D1.4(a), which results in a final adjusted offense level of 26. The Defendant's criminal history score is IV and his resulting sentencing range is 92-115 months. However, the high end of the range is trumped by the statutory mandatory minimum of 120 months. For the reasons stated on the record, the Court concludes that a sentence of 120 months is reasonable in this matter.

The Defendant also raised an issue in briefing regarding his March 23, 1990 conviction for Assault with a Deadly Weapon. He contends that his attorney advised him that this conviction would not appear on his record after he reached the age of majority. Notwithstanding, the Defendant was charged as an adult and the Defendant does not otherwise challenge the scoring of this conviction. The Court therefore makes no finding on this issue. Accordingly,

SENTENCING ORDER - 6

**IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion for Reduced Sentence **(Ct. Rec. 164-1)** is **GRANTED IN PART.**

2. Defendant's Objection to the Failure of the PSR to Apply an Acceptance of Responsibility Adjustment is **OVERRULED.**

3. Defendant's Objection to the Obstruction of Justice/Reckless Endangerment During Flight Enhancement (USSG § 3C1.2) is **SUSTAINED.**

4. A copy of this Order shall be **APPENDED** to any copy of the Presentence Investigation Report made available to the Bureau of Prisons and also to Defendant's Judgment.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this <u>9th</u> day of August, 2005.

                               <u>s/ Fred Van Sickle</u>
                                Fred Van Sickle
                          United States District Judge