UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>JOHN A. GRACE,<br><br>                    Defendant. | No. CR-04-0026-FVS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE |

**THIS MATTER** came before the Court on Defendant's motion for "modification of sentence pursuant to 18 U.S.C. § 3582(c)(2)." (Ct. Rec. 217). Assistant United States Attorney Joseph H. Harrington represents the United States, and Defendant is proceeding pro se.

**BACKGROUND**

On February 10, 2005, Mr. Grace was convicted by a jury of distribution of 5 grams or more of cocaine base in violation of of 21 U.S.C. § 841(a)(1), and assault on a federal officer in violation of 18 U.S.C. § 111(a)(1). (Ct. Rec. 135). The base offense level for Count 1 was initially calculated as 28 pursuant to U.S.S.G. § 2D1.1(c)(6). However, the Court determined that a downward departure of four offense levels was warranted based on an unjustified disparity in the guidelines between cocaine base and powder cocaine and the fact that Mr. Grace lost vision in his right eye from a

ORDER DENYING DEFENDANT'S MOTION . . . - 1

gunshot wound sustained during the commission of the crime. (Ct. Rec. 177 at 3-4). Mr. Grace's guideline range, based on an adjusted offense level of 26 and a criminal history category of IV, was 92 to 115 months. Mr. Grace, however, was sentenced to 120 months incarceration, the statutory minimum.

**DISCUSSION**

18 U.S.C. § 3582(c)(2), the statutory basis for Mr. Grace's motion, provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The language of § 3582(c)(2) provides the Court with authorization to reduce a sentence where the applicable "sentencing range" has been subsequently lowered. Given that Mr. Grace was sentenced pursuant to a statute, and not under the U.S.S.G., there was no "sentencing range" which could be subsequently lowered by the Sentencing Commission. *See* U.S.S.G § 5G1.1(b) (when the mandatory minimum for a crime exceeds the sentencing guideline range, the mandatory minimum becomes the guideline sentence, displacing the guideline range). Consequently, Section 3582(c)(2) does not confer jurisdiction on this Court to resentence Mr. Grace. *United States v. Jackson,* 577 F.3d 1032, 1035-1036 (9th Cir. 2009) (a defendant sentenced pursuant to a mandatory minimum, and not a sentencing guideline range, is ineligible for a sentence reduction under § 3582(c)(2)); *United States v. Paulk,* 569

ORDER DENYING DEFENDANT'S MOTION . . . - 2

F.3d 1094, 1095 (9th Cir. 2009) (per curiam).  The Court lacks jurisdiction to entertain Mr. Grace's motion.

Jurisdiction is lacking here for the additional reason that even if Mr. Grace had not been subject to a statutory minimum, his sentencing guideline range is the same now as it was at the time of his sentencing.  At sentencing, the Court granted a four-level downward departure after taking into consideration the unjustified disparity between cocaine base and powder cocaine and the fact that Mr. Grace lost vision in his right eye from a gunshot wound sustained during the commission of the crime.  (Ct. Rec. 177 at 3-4).  No further reduction of Mr. Grace's sentence would be warranted because he has already been given a reduction based on this rationale.  Accordingly, even if Mr. Grace had been sentenced pursuant to the guidelines, and not the statute, there has been no change which would lower that range.  The Court lacks jurisdiction to modify or reduce Mr. Grace's sentence pursuant to Section 3582(c)(2) for this reason as well.  *See United States v. Forcelledo*, 2009 WL 632932 at 2 (D.Or. 2009) ("If a Guideline amendment does not actually lower a defendant's sentencing range . . . the sentencing court lacks jurisdiction to modify the sentence.").

The Court notes that Mr. Grace has had no incident reports since entering BOP custody and that he has completed his GED, enrolled in college courses, and is close to obtaining a liberal arts degree.  The Court further notes that Mr. Grace has recently completed a 300-hour restaurant management program.  The Court commends Mr. Grace for the efforts he has taken to improve himself and to provide more

ORDER DENYING DEFENDANT'S MOTION . . . - 3

opportunities to succeed when he is released.  However, as discussed above, a reduction of Defendant's sentence is not authorized under 18 U.S.C. § 3582(c)(2).

The Court being fully advised, **IT IS HEREBY ORDERED**, Defendant's motion for a modification of his sentence (**Ct. Rec. 217**) is **DENIED**.

**IT IS SO ORDERED**.  The District Executive shall forward copies of this order to Defendant and counsel for the Government.

**DATED** this   28th   day of January, 2011.

          S/Fred Van Sickle
          Fred Van Sickle
          Senior United States District Judge

ORDER DENYING DEFENDANT'S MOTION . . . - 4