UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br> v.<br><br>JOHN A. GRACE,<br><br>        Defendant. | NO: 2:04-CR-026-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION FILED PURSUANT TO 28 U.S.C. § 2255 |

BEFORE THE COURT is Defendant's motion filed pursuant to 28 U.S.C. § 2255, ECF No. 255. The Court has reviewed the motion, the record, and is fully informed.

Defendant filed this petition with the Ninth Circuit Court of Appeals, but it was subsequently ordered to be filed with this Court. *See* ECF No. 256. As this Court liberally construes pro se pleadings, the Court considers Defendant's claims of "actual innocence" to serve as support for a petition filed pursuant to 28 U.S.C. § 2255. In relevant part, 28 U.S.C. § 2255 provides:

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255~ 1

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Following a jury trial, Defendant was convicted in Count One of "knowingly and intentionally distributing [five] grams or more of a mixture or substance containing cocaine base" in violation of 21 U.S.C. § 841(a)(1), and in Count Two of "knowingly and by means and use of a dangerous weapon, that is, an automobile, forcibly assaulting a federal officer while he was engaged in the performance of his official duties," in violation of 18 U.S.C. § 111(a)(1). ECF Nos. 72 and 135. On August 10, 2005, Defendant was sentenced to a term of incarceration of 120 months with credit for time served. ECF No. 179. On August 24, 2006, the Ninth Circuit Court of Appeals affirmed Defendant's conviction and sentence. *See* ECF No. 212.

After completion of that sentence, in 2014, Defendant was found to have violated the conditions of his supervised release and was sentenced to thirty-seven months of incarceration. *See* ECF No. 250. In the same year, 2014, in Case No. 2:14-CR-25-RMP-1, Defendant was convicted of four counts of distribution of a mixture or substance containing a detectable amount of heroin in violation of 21

U.S.C. § 841(a)(1). On September 25, 2014, Defendant was sentenced to thirty months of incarceration to run consecutive to his thirty-seven month sentence on the supervised release violation conviction.

Defendant now is challenging the validity of his conviction of the 2004 charges under 18 U.S.C. § 111. *See* ECF No. 255. Petitioner filed his motion with the Ninth Circuit on August 18, 2016, more than a decade after Defendant was sentenced for the conviction that he challenges, and nearly a decade following the affirmance of the same by the Ninth Circuit Court of Appeals.

A petition filed pursuant to 18 U.S.C. § 2255 is subject to a one-year statute of limitations. As explicitly stated in the statutory language:

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Defendant's conviction and sentence were affirmed on August 24, 2006. ECF No. 212. The United States Supreme Court has held that "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review,

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255~ 3

§ 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003). Defendant did not file a petition for writ of certiorari with the United States Supreme Court, so his conviction became final ninety days after his conviction was affirmed in the Ninth Circuit Court of Appeals.[1] Using this first potential starting point for the running of the statute of limitations, Defendant's motion is far beyond the one-year time-bar.

Defendant's motion, even liberally construed, fails to allege a right that has been newly recognized by the Supreme Court, and fails to allege any impediment to making his motion caused by Government action. Therefore, the Court finds that the second and third possible starting points for the running of the relevant statutory of limitations period are irrelevant to the determination of the timeliness of Defendant's motion.

The final potential starting point for the running of the one-year statute of limitations is "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 18 U.S.C. § 2255(f)(4). Defendant details four "ground[s]" in support of his motion. *See* ECF

---

[1] U.S. SUP. CT. R. 13 provides that a petition for review would be timely if filed within ninety days after entry of the judgment of the Ninth Circuit Court of Appeals.

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255~ 4

No. 255.  The Court has reviewed all of Defendant's arguments, most of which pertain to Defendant's view of the evidence presented at trial and how his theory of the case was stifled by his trial attorney's alleged failure to conduct tests or to present Defendant's arguments. *See id*. Defendant does not allege any barrier to his ability to have discovered those arguments or theories at an earlier date. Therefore, Defendant's arguments and theories all could have been presented well within the one-year statute of limitations had Defendant exercised due diligence.

Defendant first argues that there was a "break in the chain of custody" when the car that he was charged with using as a weapon was released to Thrifty Rental Car Company. *See* ECF No. 255 at 1. Defendant argues that the Government did not present DNA samples from blood taken from the vehicle and did not present documentation from a "ballistic expert." *Id*. at 1-2. Defendant asserts that these alleged facts should have supported a "motion to dismiss due to a Brady violation," and that his attorney was ineffective for not having filed such a motion. *Id*. at 2.

Under "Ground Two," Defendant states that his attorney "was ineffective when he did not request the trial court to find the fact specifically as he might have done under Rule 23(c) of the F.R. Crim. P." *Id*. at 2. Defendant appears to be arguing that his conviction should be set aside because the Government could not prove that he had the requisite mens rea to be found guilty of assaulting a federal agent. Defendant also argues that "18 U.S.C. 111(a)(b) statue [sic] is Constitutionally vague on its face." *Id*. at 3. Again, Defendant's challenges are

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255~ 5

based on facts that he knew during and immediately after the conclusion of his trial or would have known through the exercise of due diligence.  Accordingly, these arguments fail to assist Defendant in overcoming the one-year time-bar.

Defendant's third argument is an assertion of ineffective assistance of counsel resulting from his trial counsel's alleged failure to present Defendant's theory of the case and to support that theory with physical evidence.  Again, Defendant is returning to his version of the facts that resulted in his convictions as he argues (among other things) that he could not hear police orders through the window that he argues was rolled up; that he thought the federal agents who approached his vehicle were robbers; and that he was shot at from the side of the vehicle, so he could not have been driving towards the federal agent who shot him. Defendant argues that his version of the facts could have been supported by additional physical evidence had his attorney conducted an adequate investigation and presented the relevant facts.  Even assuming the validity of Defendant's arguments, everything that Defendant is now arguing could have been argued well within a year of his judgment of conviction becoming final.

Defendant's fourth "ground" is based on his argument that his appellate counsel was ineffective for not arguing that his trial counsel was ineffective based on the same arguments detailed throughout the rest of his motion.  Defendant focuses on his assertion that trial counsel "failed to test blood evidence prior to determining a trial strategy."  ECF No. 255 at 10.  There is no reason why

Defendant could not have presented this argument within a year of his judgment of conviction becoming final had he exercised due diligence.

Having found that Defendant's claims are time-barred, the Court denies his motion claiming "actual innocence."

**Certificate of Appealability**

An appeal of this Order may not be taken unless a circuit justice or judge issues a certificate of appealability (COA). 28 U.S.C. § 2253. The Court may only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. The U.S. Supreme Court held that

> when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Defendant has failed to provide reason to believe that any jurist of reason would find that he has stated a valid claim for denial of a constitutional right, or that Defendant's motion meets the time limitation of 28 U.S.C. § 2255(f). Therefore, the Court finds no basis to issue a certificate of appealability.

///

///

///

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255~ 7

Accordingly, **IT IS HEREBY ORDERED:**

Defendant's motion filed pursuant to 28 U.S.C. § 2255, **ECF No. 255**, is **DENIED**.

The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this **5th** day of July 2017.

> *s/Rosanna Malouf Peterson*
> ROSANNA MALOUF PETERSON
> United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255~ 8